UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

PROFESSIONAL ORTHOPAEDIC
ASSOCIATES, PA and JASON COHEN, M.D.,
F.A.C.S., as designated authorized
representatives of Patient AM, and PATIENT
AM,

                                    Plaintiffs,

                    -v-

1199 NATIONAL BENEFIT FUND,

                                    Defendant.

-------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 22, 2016
```

16-cv-4838 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Plaintiffs Professional Orthopaedic Associates PA ("POA") and Jason Cohen,

M.D. F.A.C.S. ("Dr. Cohen"), "as designated authorized representatives of Patient

AM" and Patient AM (together, "plaintiffs") commenced the instant action against

defendant 1199SEIU National Benefit Fund (the "Fund")[1] on June 22, 2016.  (ECF

No. 1.)  Plaintiffs assert claims under Sections 502(a)(1)(B) and 502(c)(1)(B) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1132(a)(1)(B), 1132(c)(1)(B).  Now before the Court is defendant's motion to dismiss

the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed below, defendant's motion to dismiss is GRANTED

and plaintiffs' complaint is hereby DISMISSED.  Only Patient AM, not plaintiffs

POA and Dr. Cohen, can maintain a cause of action under ERISA Sections

---

[1] Defendant is incorrectly misnamed in the complaint as "1199 National Benefit Fund."

502(a)(1)(B) and 502(c)(1)(B).  Patient AM, however, has failed to state a claim on both causes of action.  Furthermore, Patient AM has failed to exhaust his/her administrative remedies, providing defendant with a defense to any claim under Section 502(a)(1)(B).

I.     BACKGROUND[2]

A.     <u>Factual Background</u>

The instant dispute centers on payment sought by plaintiffs Professional Orthopaedic Associates, PA ("POA") and Jason Cohen, M.D. F.A.C.S. ("Dr. Cohen") from defendant 1199SEIU National Benefit Fund (the "Fund") for medical services provided by Dr. Cohen to Patient AM (together with POA and Dr. Cohen, "plaintiffs") on December 30, 2011.[3]  (Complaint ("Compl.) ¶ 33, ECF No. 1.)  The Fund is an "employee welfare benefit plan" as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 <u>et seq</u>.  The Fund provides medical coverage to participants, such as Patient AM, in accordance with a written Summary Plan Description (the "Plan").  (<u>See</u> Compl. ¶ 9; Fabio Aff. Ex. B, ECF No. 10-2.)

---

[2] The following facts are taken from plaintiffs' complaint, documents attached to plaintiffs' complaint, as well as the excerpts of the Summary Plan Description ("Plan") attached as Exhibit B to the Affidavit of Richard Fabio, dated August 3, 2016 ("Fabio Aff.", ECF No. 10).  Although the Plan was not attached as an exhibit to the complaint, it is integral to the complaint and is incorporated by reference—indeed, it is repeatedly referenced in the complaint and forms the very basis for plaintiffs' claims.  It is therefore properly considered by the Court on deciding the instant motion to dismiss. <u>See</u> <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002).  The Court does not reference or rely on the Affidavit of Richard Fabio for any other purpose.

[3] "Dr. Cohen is a shareholder of and/or owns and/or operates POA," which is "a professional medication association."  (Compl. ¶¶ 1-2.)

Plaintiffs POA and Dr. Cohen are "non-participating providers" under the terms of the Plan.  (Compl. ¶ 9; see Fabio Aff. Ex. B.)  Participants who receive services from non-participating providers are responsible for the difference in cost between the Fund's allowance and the providers' charges.  (See Fabio Aff. Ex. B.) On or about January 16, 2012, POA submitted a claim for $579,245 to the Fund for the services rendered by Dr. Cohen to Patient AM.  (Compl. ¶ 39.)  On or about February 14, 2012, the Fund made a payment of $7,067.97 on the claim.  (Compl. ¶ 40.)  The Fund made an additional payment of $2,117.40 on or about June 19, 2012. (Compl. ¶ 43.)

On or about August 1, 2012, Dr. Cohen sent a letter to the Fund challenging the Fund's payment amounts.  (Compl. ¶ 44, Ex. B.)  Dr. Cohen also requested that if the Fund did not remit further payment, the Fund send Dr. Cohen the applicable policy language and data used to calculate the payments made.  (Compl. ¶ 45; Compl. Ex. B.) On or about March 4, 2014, the Fund issued an additional payment to Dr. Cohen in the amount of $3,317.  (Compl. ¶ 46.)

On or about March 17, 2014, Dr. Cohen sent a second letter to the Fund again challenging the Fund's payment amounts.  (Compl. ¶ 49, Ex. C.)  Thereafter, on or about September 12, 2014, the Fund made an additional payment to Dr. Cohen in the amount of $1,679.  (Compl. ¶ 51.)  As a result of the September 12 payment, Dr. Cohen was paid a total of $14,190.37 from the Fund in connection

with the services rendered to Patient AM.[4]  (Compl. ¶ 52.)  There is thus an outstanding balance of $565,054.63 on the amount billed by Dr. Cohen to the Fund. (Compl. ¶ 57.)

### B. Procedural Background

Plaintiffs commenced the instant action against the Fund on June 22, 2016. (ECF No. 1.)  Plaintiffs allege that the Fund violated ERISA Sections 502(a)(1)(B) and 502(c)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B), 1132(c)(1)(B).  (Compl. ¶¶ 58-91.) Plaintiffs seek monetary damages as well as attorneys' fees and costs.  Defendant moved to dismiss the complaint on August 5, 2015.  (ECF No. 9.)  Defendant argues that "1) two of the three putative Plaintiff's lacked standing as strangers to the Plan and the third plaintiff, Patient AM [] never authorized the other two to proceed on his/her behalf; 2) Plaintiffs failed to state a claim under ERISA; and 3) plaintiffs and Plaintiff AM failed to exhaust the administrative remedies set forth in the Fund's [Plan]."  (Reply to Plaintiffs' Opposition to Defendant's Motion ("Reply Mem."), ECF No. 14, at 1.)

## II.  LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must provide grounds upon which his claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting

---

[4] The amounts stated in plaintiffs' complaint actually sum to $14,181.37, which is $9 less than the figure alleged by plaintiffs. This difference is immaterial to the Court's analysis.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  Id.  The Court will give "no effect to legal conclusions couched as factual allegations."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).  A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).  But, if the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570; Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may supplement the allegations in the complaint with facts from documents either

referenced in the complaint or relied upon in framing the complaint.  See DiFolco, 622 F.3d at 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); Chambers, 282 F.3d at 153 ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991))).

      B.    ERISA

          1.    Section 502(a)(1)(B)

"Under ERISA Section 502(a)(1)(B), '[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ., 819 F.3d 42, 50 (2d Cir. 2016) (quoting 29 U.S.C. § 1132(a)(1)(B)) (alteration and ellipses in original).  Section 502(a)(1)(B) thus "provides a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan."  Rojas v. Cigna Health & Life Ins. Co., 793 F.3d 253, 256 (2d Cir. 2015).  "To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3)

the plaintiff was wrongfully denied a benefit owed under the plan." <u>Guerrero v.</u>

<u>FJC Sec. Servs. Inc.</u>, 423 F. App'x 14, 16 (2d Cir. 2011).

 "As relevant here, Section 502 is narrowly construed to authorize only two

categories of persons to sue directly to enforce their rights under the plan:

participants and beneficiaries." <u>Id.</u> (citing 29 U.S.C. § 1132(a)(1)); <u>see also</u> <u>Simon v.</u>

<u>Gen. Elec. Co.</u>, 263 F.3d 176, 176 (2d Cir. 2001) (per curiam) ("Section 502(a)(1)(B)

limits the class of individuals who can sue to recover benefits due, enforce rights, or

clarify rights to future benefits to those individuals who are 'participants' or

'beneficiaries' of a benefits plan."). ERISA defines "participant" as "any employee or

former employee of an employer . . . who is or may become eligible to receive a

benefit of any type from an employee benefit plan which covers employees of such

employer . . . , or whose beneficiaries may be eligible to receive any such benefit," 29

U.S.C. § 1002(7), and "beneficiary" as "a person designated by a participant, or by

the terms of an employee benefit plan, who is or may become entitled to a benefit

thereunder," 29 U.S.C. § 1002(8).

 Importantly, "'[b]eneficiary,' as it is used in ERISA, does not without more

encompass healthcare providers." <u>Rojas</u>, 793 F.3d at 256. In the Second Circuit,

however, providers are allowed "to bring claims under § 502(a) based on a valid

assignment from a patient." <u>Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.</u>,

821 F.3d 352, 361 (2d Cir. 2016); <u>see also</u> <u>Simon</u>, 263 F.3d at 176.[5] "Assuming an

---

[5] The parties refer to this as "standing" and argue whether plaintiffs POA and Dr. Cohen have "standing" to bring the ERISA claims at issue. The Second Circuit has recently clarified, however, that the question of whether a provider can sue under ERISA by virtue of an assignment is more properly framed as whether the provider can state a cause of action. <u>Am. Psychiatric Ass'n</u>, 821 F.3d

ERISA plan does not dictate the form of a valid assignment or bar assignment altogether, a court may draw upon federal common law in assessing whether any purported assignment was effective." <u>Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.</u>, No. 13CV6551 (DLC), 2016 WL 2939164, at *4 (S.D.N.Y. May 19, 2016).

        2.    <u>Section 502(c)(1)(B)</u>

ERISA "Section 502(c)(1)(B) provides that '[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant [or beneficiary] . . . within 30 days after such request may in the court's discretion be personally liable to such participant [or beneficiary] . . . in the amount of up to $100 a day from the date of such failure or refusal." <u>Devlin v. Empire Blue Cross & Blue Shield</u>, 274 F.3d 76, 90 (2d Cir. 2001) (quoting 29 U.S.C. § 1132(c)(1)(B)) (first alteration and ellipses in original).  A plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).  Importantly, like Section 502(a)(1)(B), only a "participant" or "beneficiary" may maintain a cause of action under ERISA Section 502(c)(1)(B).  <u>See</u> <u>Reid v. Local 966 Pension Fund</u>, No. 03 CIV. 9231 (LAP), 2004 WL

---

at 359-61.  There is no dispute that plaintiffs have Article III standing based on their individualized financial stakes in the outcome of this litigation.  <u>See</u> <u>id.</u> at 359.  The Court analyzes whether plaintiffs POA and Dr. Cohen can state a cause of action in the Discussion section of this decision.

2072086, at *4 (S.D.N.Y. Sept. 15, 2004) ("Because only participants or beneficiaries are entitled to the documents requested, the threshold question is whether Plaintiff was a participant at the time that the request was made.").

III.   DISCUSSION

    A.   <u>Plaintiffs POA and Dr. Cohen</u>

As previously noted, only plan "participants" and "beneficiaries," as well those validly assigned, may maintain a cause of action under ERISA Sections 502(a)(1)(B) and 502(c)(1)(B). In the present case, Patient AM is a participant under the Plan. Plaintiffs do not allege, rightfully so, that either POA or Dr. Cohen are independently "participants" or "beneficiaries" under the Plan. Rather, in their complaint, plaintiffs allege that Patient AM signed a form "making POA and Dr. Cohen a beneficiary of the [Plan]." (<u>See</u> Compl. ¶¶ 15, 17.) Essentially, plaintiffs allege that Patient AM validly assigned his/her rights as a beneficiary under the Plan to POA and Dr. Cohen.

Accepting plaintiffs' well pled allegations as true, Patient AM has not assigned his/her rights as a beneficiary under the Plan to plaintiffs POA or Dr. Cohen. On December 1, 2011, Patient AM executed a form provided by POA entitled "Authorization of Designated Representative to Appeal a Determination." (Compl. Ex. A.) This form, attached to plaintiffs' complaint, "authorize[s] Professional Orthopaedic Associates, as [Patient AM's] designated representative, to appeal to ["Patient AM's] insurance company, 1199SEIU National Benefit Fund, on [Patient AM's] behalf, in the determination of services rendered by Dr. Jason

9

Cohen." (Compl. Ex. A.)  The form further authorizes "1199SEIU National Benefit Fund to disclose and furnish to [Patient AM's] designated representative, Professional Orthopedic Associates . . . [a]ll medical and financial information contained in my insurance file."  (Id.)  This form executed by Patient AM *does not* assign to POA or Dr. Cohen all of Patient AM's rights or benefits under the Plan.

Rather, the form – as it states – merely authorizes POA to appeal to the Fund on Patient AM's behalf.  Such authorization does not entitle POA or Dr. Cohen to maintain a cause of action under ERISA Sections 502(a)(1)(B) and 502(c)(1)(B) before this Court.  See Am. Psychiatric Ass'n, 821 F.3d at 361; cf Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Ins. Co., No. 14 CIV. 2495 (ER), 2016 WL 4382709, at *5 (S.D.N.Y. Aug. 16, 2016).  Plaintiffs appear to concede this point, acknowledging in their opposition to defendant's motion to dismiss that "Plaintiffs are amenable to dismissing Cohen and POA."  (Plaintiffs' Memorandum of Law in Opposition to Defendant 1199 National Benefit Fund's Motion to Dismiss ("Mem. in Opp."), ECF No. 13, at 1.)  In short, plaintiffs POA and Dr. Cohen cannot state a cause of action under ERISA Sections 502(a)(1)(B) and 502(c)(1)(B).

B.   ERISA Section 502(a)(1)(B)

Count I of the complaint asserts a claim under ERISA Section 502(a)(1)(B). Upon review, the Court dismisses Count I for two independent and alternative reasons.  First, Patient AM has failed to exhaust his/her administrative remedies, as required by the Plan and applicable case law.  Second, Patient AM has failed to

state a claim under ERISA Section 502(a)(1)(B). Count I of the complaint is therefore dismissed.

"ERISA plaintiffs are required to exhaust administrative remedies before filing an action in federal court, unless exhaustion would be futile." Leak v. CIGNA Healthcare, 423 F. App'x 53 (2d Cir. 2011). Although ERISA does not contain an explicit statutory exhaustion requirement, failure to exhaust administrative remedies is an affirmative defense to a cause of action under ERISA Section 502(1)(1)(B). Id.; see Kirkendall v. Halliburton, Inc., 707 F.3d 173, 179 (2d Cir. 2013); Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 446 (2d Cir. 2006).

Section VII.B of the Plan sets forth the Fund's required administrative appeals process. (See Fabio Aff. Ex. B.) That Section notes that "[a]ll claims . . . against the Benefit Fund are subject to the Claims and Appeals Procedure. No lawsuits may be filed until all steps of these procedures have been completed and the benefits requested have been denied in whole or in part." (Id.) Section VII.B of the Plan further specifies that appeals must be made in writing within 180 days and sent to a specific address. (Id.)

Defendant asserts that Patient AM never appealed the Fund's benefit determination in any manner. Indeed, in the complaint, Patient AM fails to allege that he/she individually appealed the benefit determination at issue to the Fund. Furthermore, Patient AM has failed to allege facts supporting futility. The Court therefore concludes that Patient AM has failed to exhaust his/her administrative

remedies and defendant has asserted a successful defense to any claim under

ERISA Section 502(a)(1)(B).[6]

Even if Patient AM had exhausted the applicable administrative appeals

process, Patient AM has failed to state a claim under Rule 12(b)(6).[7]  To recover

benefits due under ERISA Section 502(a)(1)(B), plaintiffs must allege that Patient

AM "was wrongfully denied a benefit owed under the plan."  Guerrero, 423 F. App'x

at 16.  The complaint, however, is devoid of factual allegations suggesting any

instance in which the Fund failed to provide Patient AM with a benefit he/she was

due.  Thus, Count I fails to suggest a plausible basis for relief under ERISA Section

502(a)(1)(B).  See id.[8]

---

[6] Plaintiffs main argument is that plaintiffs POA and Dr. Cohen exhausted the required administrative remedies on behalf of Patient AM.  (See Mem. in Opp. at 7-11; Compl. Ex. B, C.)  As already discussed, Patient AM never assigned POA and Dr. Cohen his/her rights as a beneficiary under the plan; POA and Dr. Cohen cannot maintain a cause of action under ERISA Section 502(a)(1)(B).  Even if POA and Dr. Cohen could maintain a cause of action, they do not allege that they mailed their "appeal letters" to the address specified by the Plan (see Fabio Aff. Ex. C), and thus did not exhaust the required administrative appeals process under the Plan.  See Thomas v. Verizon, No. 04-5232CV, 2005 WL 3116752, at *1 (2d Cir. Nov. 22, 2005) (summarily affirming district court's dismissal of plaintiff's complaint where plaintiff failed to follow administrative appeals process provided by the benefit plan); see also Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001) ("[Plaintiff] was required to exhaust even if she was ignorant of the proper claims procedure.").

[7] The Court notes that this analysis would apply equally to plaintiffs POA and Dr. Cohen were they able to maintain a cause of action on Patient AM's behalf under ERISA Section 502(a)(1)(B) and had exhausted the applicable administrative appeals process.

[8] At times, Count I of the complaint is unclear as to whether plaintiffs are seeking to recover benefits due under ERISA Section 502(a)(1)(B) or to enforce other terms of the Plan under ERISA Section 502(a)(3).  ERISA Section 502(a)(3) authorizes, in relevant part, plan participants or beneficiaries to bring a civil action: "(A) to enjoin any act . . . which violates any provision of this subchapter, or (b) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  The Court notes that plaintiffs seek monetary damages, which is unavailable under Section 502(a)(3).  See Irvins v. Metro. Museum of Art, No. 15-CV-5180 (RJS), 2016 WL 4508364, at *4 (S.D.N.Y. Aug. 26, 2016) ("Section 502(a)(3) thus clearly states – and courts have repeatedly affirmed – that it entitles claimants only to equitable relief." (citing Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 578 (2d

The gravamen of plaintiffs' first claim appears to be that the Fund "has breached its ERISA-governed plan language by using, either intentionally or recklessly, flawed or inadequate data and other information to determine the usual, customary and reasonable rates for medical services, which then resulted in the denial of benefits and/or payments of reimbursement well below the usual, customary, and reasonable rates."  (Compl. ¶ 12; see also Compl. ¶¶ 71, 74(b), 74(k)).  But the complaint does contain any specific allegations that the Plan requires payments to be maybe in accordance with any "usual, customary, and reasonable rates."  Nor does the complaint reference any such provisions of the Plan.  In short, Count I is completely devoid of the required specificity necessary to maintain a claim under Section 502(a)(1)(B).[9]  See Twombly, 550 U.S. at 555; Guerrero, 423 F. App'x at 16.  The Court therefore dismisses Count I of the complaint.

    C.    <u>ERISA Section 502(c)(1)(B)</u>

Count II of the complaint asserts a claim under ERISA Section 502(c)(1)(B). Under this provision, a plan beneficiary or participant may pursue civil remedies when a plan administrator fails, in response to a written request by the participant

---

Cir. 2006)).  In all events, the complaint fails to state a claim under both Sections 502(a)(1)(B) and 502(a)(3).

[9] The complaint also appears to argue that the Plan design should be changed or that the Fund generally failed to explain the design of the Plan.  Such claims are not actionable.  See Lockheed Corp. v. Spink, 517 U.S. 882, 891, (1996) (indicating that plan design was not subject to fiduciary review but was instead a settlor function).  "There is no cause of action against settlor functions such as plan design under ERISA, and so [plaintiffs] could not state a claim arguing that the Plan design out to be changed."  Van Hoven v. 1199 SEIU Pension & Benefit Funds, No. 11 CV 3197 HB, 2012 WL 488704, at *3 (S.D.N.Y. Feb. 15, 2012).

or beneficiary, to provide documentation and/or information to which the participant or beneficiary is entitled.  See 29 U.S.C. § 1132(c)(1); Devlin, 274 F.3d at 90.  Because only participants or beneficiaries have an entitlement to such information/documents, the threshold question is again whether plaintiffs were participants or beneficiaries at the time that the request was made.  See Reid, No. 03 CIV. 9231 (LAP), 2004 WL 2072086, at *4 (S.D.N.Y. Sept. 15, 2004).  In the instant case, Patient AM never individually requested any documents or information from the Fund, and has thus failed to state a claim under Section 502(c)(1)(B).  And as previously explained, plaintiffs POA and Dr. Cohen cannot maintain a claim under Section 502(c)(1)(B) because they are not participants or beneficiaries under the Plan and were not validly assigned Patient AM's rights as a participant.  Count II of the complaint is therefore dismissed.

IV.     CONCLUSION[10]

     For the aforementioned reasons, defendant's motion to dismiss is GRANTED and plaintiffs' complaint is hereby DISMISSED.  The Clerk of Court is directed to terminate the motion at ECF No. 9.

          SO ORDERED.

Dated:          New York, New York
               November 22, 2016

                              _____
                              KATHERINE B. FORREST
                              United States District Judge

---

[10] The Court denies plaintiffs' request for attorney's fees in Count III of the complaint under 29 U.S.C. § 1132(g)(1) because Patient AM has not demonstrated, as required, "some degree of success on the merits."  Donachie v. Liberty Life Assurance Co. of Boston, 745 F.3d 41, 46 (2d Cir. 2014).